NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0495n.06

No. 20-4194

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| JOSE MARTINEZ-ACOSTA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| MERRICK B. GARLAND, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

**FILED**
10/28/2021
DEBORAH S. HUNT, Clerk

Before:  MOORE, KETHLEDGE, and DONALD, Circuit Judges.

KETHLEDGE, Circuit Judge.  Jose Martinez-Acosta, a citizen of Mexico, petitions for review of a final order of removal entered by the Board of Immigration Appeals.  Specifically, he challenges the Board's determination that he was ineligible for cancellation of removal.  We dismiss the petition for lack of jurisdiction.

Martinez-Acosta entered the United States without inspection in 1998.  During the years 2005 to 2008, police cited Martinez-Acosta four times for operating a vehicle without a license, and on various occasions cited him for speeding, failure to wear a seatbelt, and failure to produce proof of insurance.  In January 2008, Martinez-Acosta was convicted of disorderly conduct; in June 2010, he was convicted of failure to pay court-ordered child support.  The next month, the Department of Homeland Security initiated removal proceedings against him.

Martinez-Acosta thereafter applied for cancellation of his removal, but DHS closed his removal proceedings before an immigration judge could rule on his cancellation request. Police later cited Martinez-Acosta for speeding in November 2015 and for failure to report his involvement in a February 2016 automobile accident. In November 2017, Martinez-Acosta was convicted of driving while intoxicated. Less than two years later, police arrested him again for operation of a vehicle while intoxicated; and he later pled guilty to the lesser charge of operation of a vehicle in willful or wanton disregard of the safety of persons or property. A month later, DHS moved to resume Martinez-Acosta's removal proceedings.

An immigration judge thereafter held hearings to consider Martinez-Acosta's still-pending request for cancellation of removal. During those hearings, Martinez-Acosta admitted that—in addition to his 2017 conviction and 2019 arrest for driving while intoxicated—he drove a vehicle into a tree on another occasion after drinking "three or four" beers. Martinez-Acosta and other family members also testified about the serious consequences that his removal would impose on his family, particularly one of his sons.

The IJ denied Martinez-Acosta's request for cancellation, finding that he had failed to establish "good moral character" and was therefore ineligible for cancellation of removal. *See* 8 U.S.C. § 1101(f). The IJ also found that Martinez-Acosta was ineligible for that relief on the ground that he was a "habitual drunkard." *See* 8 U.S.C. § 1101(f)(1). Finally, the IJ determined that, even if Martinez-Acosta were eligible for cancellation of removal, the IJ would deny that relief as a matter of discretion. Martinez-Acosta appealed to the Board, which adopted the IJ's holding that Martinez-Acosta was ineligible for cancellation of removal because he had failed to establish good moral character. This petition for review followed.

As an initial matter, the government argues that we lack jurisdiction to consider Martinez-Acosta's petition because, the government says, the Board adopted the IJ's determination to deny relief to Martinez-Acosta as a matter of discretion. *See generally* 8 U.S.C. § 1252(a)(2)(B). In support, the government relies upon a single word and a single citation in the IJ's opinion. The single word was "further," when the Board wrote: "[w]e are not persuaded that we should further address the Immigration Judge's alternate determination that the respondent did not demonstrate that he merits a favorable exercise of discretion." That sentence came after the Board agreed with the IJ that Martinez-Acosta was not eligible for cancellation of removal; the word, "further," the government asserts, means that the Board must have discussed (and more than that, adopted) the IJ's discretionary determination at some point earlier. But the Board did not discuss that determination before the "further" sentence—or after it, for that matter—so this argument is patently meritless. So is the argument about the page cite: when the Board agreed with the IJ that Martinez-Acosta had not met "his burden to establish that he is eligible for cancellation of removal," the Board cited pages "6-12" of the IJ's opinion. Those pages happened to include the IJ's discretionary determination; hence, in the government's view, the Board adopted that determination. That argument is not even colorable—and frankly we would not have expected the government even to make it.

Martinez-Acosta, for his part, challenges the Board's determination that he was ineligible for cancellation of removal. Again, the IJ made that determination on two grounds: first, that Martinez-Acosta had not established good moral character; and second, that he was a habitual drunkard. Those determinations involve the application of "law to a set of facts." *Singh,* 984 F.3d at 1152.

An initial question—and here, a dispositive one—is whether we have jurisdiction to review those determinations. Title 8 U.S.C. § 1252(a)(2)(B) provides that—subject to one exception—"no court shall have jurisdiction to review" a decision by the Attorney General "regarding" (among other things) cancellation of removal. The exception is that we have jurisdiction to "review "constitutional claims or questions of law raised upon a petition for review" of such a decision. *Id*. § 1252(a)(2)(D). That exception comprises "purely legal questions and mixed questions of law and fact." *Singh v. Rosen*, 984 F.3d 1142, 1149 (6th Cir. 2021). But we lack jurisdiction to review "factual determinations" that underlie a decision to deny cancellation of removal. *Id*. (interior quotation marks omitted).

Here, Martinez-Acosta first argues that the IJ lacked "substantial evidence" for the IJ's determination that Martinez-Acosta had a "history" of driving while intoxicated. That is a factual determination that § 1252(a)(2)(B) denies us jurisdiction to review "regarding" a decision to deny cancellation of review.

Martinez-Acosta similarly argues that—purportedly as a matter of law—he was not driving while intoxicated when he drank "two beers" before driving on one occasion and "three to four alcoholic beverages" before driving on another. Pet'r Br. at 26-27. In determining whether we have jurisdiction under § 1252(a)(2)(B), we "look at the substance of the immigrant's claim, not the name the immigrant places on it." *Singh,* 984 F.3d at 1149 (emphasis omitted). And here Martinez-Acosta's argument is merely a renamed factual one. Indeed, through this argument, Martinez-Acosta seeks merely to litigate the factual determinations—that he drove while intoxicated on several occasions—that underlay the factual determination—that he habitually drove intoxicated—that in turn underlay the IJ's determination that Martinez-Acosta was not

eligible for cancellation of removal. We have jurisdiction to review none of those factual determinations. *Singh*, 984 F.3d at 1149 (internal quotation omitted).

We therefore lack jurisdiction to review the Board's determination that Martinez-Acosta did not demonstrate good moral character under 8 U.S.C. § 1101(f). That determination is sufficient to support the Board's denial of cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(B). We therefore dismiss the petition for review.